No. 01-401

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 240N

IN THE MATTER OF L.R.R.,

A Youth in Need of Care.

APPEAL FROM: District Court of the Twenty-second Judicial District,

In and for the County of Carbon,

Honorable Blair Jones, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Raymond G. Kuntz, Attorney at Law, Red Lodge, Montana

For Respondents:

Honorable Mike McGrath, Attorney General, Helena, Montana

Nancy G. Schwartz, Assistant Attorney General, Child Protection

Unit, Billings, Montana

A. W. "Tony" Kendall, County Attorney, Red Lodge, Montana

Damon Gannett, Attorney at Law, Billings, Montana (Guardian Ad Litem)

Submitted on Briefs: September 6, 2001
Decided: December 4, 2001

Filed:

_____

Clerk

¶Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Appellant (M.R.) is the mother of L.R.R. M.R. appeals from the judgment of the District Court for the Twenty-second Judicial District, Carbon County, terminating her parental rights. We affirm the judgment of the District Court.

¶3 The Montana Department of Public Health and Human Services, Division of Family Services (the Department), commenced this action by filing a petition for temporary investigative authority and protective services with regard to L.R.R. on February 9, 1999. In September 1999, the Department petitioned for temporary legal custody of L.R.R., and in April 2000, the Department filed for termination of parental rights and later filed an amended petition for termination of parental rights in May 2000. After hearings on August 8, August 11 and August 28, 2000, the District Court terminated M.R.'s parental rights to L.R.R.

¶4 M.R. contends that the District Court erred in holding that M.R.'s condition is unlikely to change within a reasonable time and that the court abused its discretion when it terminated her parental rights.

¶5 A natural parent's right to care and custody of a child is a fundamental liberty interest, which must be protected by fundamentally fair procedures. *Matter of R.B., Jr.* (1985), 217 Mont. 99, 103, 703 P.2d 846, 848. The district court must adequately address each applicable statutory requirement. *In Re E.W.*, 1998 MT 135, ¶ 12, 289 Mont. 190, ¶ 12, 959 P.2d 951, ¶ 12.

¶6 M.R. contends that both of the treatment plans presented to the District Court were presented ex parte without providing her notice or an opportunity to be heard. She argues

that the Department's ex parte submission of two treatment plans, without any provision for notification to M.R. or any procedure for a hearing either before or after the submission of the plans, is a violation of M.R.'s right to due process of law and violates the requirement that the procedure be fundamentally fair.

¶7 The Department responds that there is no authority for the argument that the District Court must provide a parent notice and opportunity to be heard prior to approval of a treatment plan. The authority to order a treatment plan arises from the adjudication of a child as a youth in need of care. *See* § 41-3-420(1), MCA. Further, we held in *Matter of Inquiry into M.M.* (1995), 274 Mont. 166, 173, 906 P.2d 675, 679-80, that a treatment plan can be approved by the court whether or not a parent signs the plan. While the Department agrees that, as a practical matter, a plan should be given to the parent or parent's counsel prior to court approval, it contends that there is no legal requirement that this be done.

¶8 M.R. contends that the District Court erred in finding the treatment plans appropriate. She asserts that, without medical testimony on the ultimate issue of the appropriateness of her treatment plans, the court erred in concluding that the plans were appropriate. We review such findings to determine whether they are clearly erroneous. *In the Matter of A. C.*, 2001 MT 126, ¶ 20, 305 Mont. 404, ¶ 20, 27 P.3d 960, ¶ 20.

¶9 In the present case, the Department reviewed each requirement of M.R.'s treatment plan with Dr. Whitworth, asking him to comment on whether or not the requirement was appropriate for a person in M.R.'s situation. Dr. Whitworth answered affirmatively in each instance.

¶10 Finally, M.R. challenges the District Court finding pursuant to § 41-3-609(4)(b), MCA, that there was sufficient evidence to establish that she is not able to assume the role of a parent. In particular, she argues that neither Dr. Chessen nor Dr. Whitworth "provided clear and convincing evidence that M.R. is unable to assume the role of parent." As we have noted above, the correct standard of review is whether the findings are clearly erroneous. *In the Matter of A.C.*, ¶ 20.

¶11 In making this argument, M.R. relies on the fact that, during cross-examination, the medical witnesses were asked whether they could testify to a "medical or psychological certainty" that M.R. was "completely unable to assume the role of a parent." She correctly points out that neither doctor testified, to a medical certainty, that M.R. was completely unable to ever assume the role of a parent. The Department correctly points out that the

statute in question, § 41-3-609(4)(b), MCA, does not require that the doctors testify to a medical certainty nor does it require that they testify that the parent could never assume the role of a parent. Rather, the statute only requires that "two medical doctors or clinical psychologists submit testimony that the parent cannot assume the role of parent." In *Matter of Baby Boy Scott* (1988), 235 Mont. 253, 255, 767 P.2d 298, 300, we noted that, "All [psychiatrists] agreed, that, considering [the mother's] history of mental illness, there was little hope that she would be able to assume her parental role."

¶12 Dr. Chessen testified that M.R. admitted to having abused her daughter and "is not capable-or not showing any kind of signs that she would be capable of managing a child who is already injured." He concluded that M.R. is not, at the present, able to parent. He did not have great hope that M.R. was going to change into a capable parent in the near future. Dr. Chessen estimated that in the "best case scenario" it would take two to three years of serious intervention work by M.R. to reach a minimal level of capacity. In short, Dr. Chessen did not find it probable that M.R. would become capable as a parent within the foreseeable future.

¶13 Dr. Whitworth, a medical doctor, concluded that, despite her best efforts, M.R. is unable to parent.

¶14 Based upon the above evidence, the District Court concluded that the condition of M.R. rendering her unfit to parent is unlikely to change within a reasonable time. "The emotional illness, mental illness, or mental deficiency displayed by [M.R.] is of such a duration or nature as to render [M.R.] unlikely to care for the ongoing physical, mental and emotional needs of [L.R.R.] within a reasonable time."

¶15 We note that, in terminating M.R.'s parental rights, the District Court invokes both § 41-3-609(1)(f), MCA, and § 41-3-609(4)(b), MCA. Section 41-3-609(1)(f)(i), MCA, requires a finding that the approved treatment plan has not been complied with or was not successful. Section 41-3-609(4)(b), MCA, states that a treatment plan is not required if two medical doctors or clinical psychologists submit testimony that the parent cannot assume the role of a parent. We hold that the District Court did not abuse its discretion in relying on the testimony of a clinical psychologist and a medical doctor to conclude that M.R. cannot assume the role of a parent. Since this conclusion obviates any need for a treatment plan, we need not determine whether the treatment plans were appropriate or whether M.R. was denied due process of law when she did not get notice and an opportunity to be heard prior to approval of the treatment plans.

¶16 The District Court's findings of fact are not clearly erroneous, and we hold that the court did not abuse its discretion in concluding that L.R.R. has been adjudicated a youth in need of care and M.R.'s condition rendering her unfit to parent is unlikely to change within a reasonable time. Section 41-3-609(1)(f), MCA.

¶17 The District Court's order terminating M.R.'s right to parent L.R.R. is affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ PATRICIA COTTER

/S/ TERRY N. TRIEWEILER